UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

KENNETH DAVIS )
 )
v. ) NO. 2:11-CV-80
 )
WITT UTILITY DISTRICT )

**MEMORANDUM AND ORDER**

The plaintiff filed a Complaint in this employment matter asserting claims under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq.* ("FMLA"), contending that the defendant was a "public agency" as that term is defined under the FMLA, and, therefore subject to the provisions of the FMLA. The plaintiff also asserted claims under the the Tennessee Disability Act, T.C.A. § 8-50-103 *et seq.* ("TDA"); and the Tennessee common law prohibiting retaliatory discharge pursuant to the Court's pendant jurisdiction.

This matter is before the Court to address the defendant's Motion to Dismiss and/or, in the alternative, Motion for Summary Judgment filed on January 30, 2012. [ Doc. 21]. As part of the Motion to Dismiss, the defendant raised the issue of the Court's subject matter jurisdiction as it related to plaintiff's claims under the "self-care" provisions of the FMLA, contending that the defendant was a "political subdivision" of the State of Tennessee and that such claims were barred under the Eleventh Amendment citing *Coleman v. Maryland Court of Appeals*, 626 F.3d 187 (4th Cir., 2010). A petition for writ of certiorari to the United States Court of Appeals for the Fourth Circuit was granted on June 27, 2011. *Coleman v. Court of Appeals of Maryland* , –U.S.–,131 S.Ct.

1

3059 (U.S. 2011). In *Coleman v. Court of Appeals of Maryland*, –U.S. __, 132 S.Ct. 1327 (U.S. 2012), the Supreme Court affirmed the holding of the Fourth Circuit and held that Congress did not validly abrogate a state's sovereign immunity from suits for money damages in enacting FMLA's "self-care" provision.

In his response, the plaintiff concedes that the decision in *Coleman* "precludes his ability to proceed with his claims under the FMLA in this Court and that this claim may very well be dismissed with prejudice." The plaintiff suggests that the Court decline to retain supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3).

Based upon the plaintiff's concession that his FMLA claim is barred based upon the Supreme Court's ruling in *Coleman*, the plaintiff's FMLA claim will be dismissed with prejudice.

**STATE COURT CLAIMS**

The Sixth Circuit has recognized a general rule disfavoring a district court's exercise of pendent jurisdiction when federal issues are dismissed before trial. *Gaff v. FDIC*, 814 F.2d 311, 319 (6th Cir.1987). The defendant contends that it would be unfair to the defendant to dismiss these claims because the plaintiff continued to pursue his claims even after the petition for writ of certiorari was granted in *Coleman,* causing additional expenses to be incurred by the defendant. The defendant also contends that further expense will be incurred by the defendant if the plaintiff refiles this case in state court.

The Court finds that there is no good reason presented in this case to warrant a departure from the general rule disfavoring a district court's exercise of pendent jurisdiction, and that, based upon "judicial economy, convenience. fairness, and comity," the Court should not exercise pendent

2

jurisdiction of these claims. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

Accordingly the Court declines to exercise pendent jurisdiction of the plaintiff's state law claims, and the plaintiff's state law claims will be dismissed without prejudice.

## CONCLUSION:

Based upon the foregoing reasons, it is hereby ORDERED that the defendant's motion to dismiss is **GRANTED IN PART** to the extent that the plaintiff's FMLA claim is **DISMISSED WITH PREJUDICE.** It is also hereby **ORDERED** that the defendant's motion to dismiss or for summary judgment **is DENIED IN PART** to the extent that the plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE.**

s/J. RONNIE GREER<br>
UNITED STATES DISTRICT JUDGE